**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| **TOMMY C. BLAYLOCK,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 7:04-CV-0030-BF (R) |
| **COMMISSIONER OF THE SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This is a consent case before the United States Magistrate Judge. The "Brief for Plaintiff" and "Defendant's Brief in Response to Plaintiff's Brief" are before the Court for consideration. The Court has reviewed the evidence of the parties in connection with the pleadings. The final decision of the Commissioner is **AFFIRMED**.

**Background**[1]

This is a social security case. Plaintiff Tommy C. Blaylock ("Blaylock"or "Plaintiff") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner"), who denied his claim for Supplemental Security Income under Title XVI of the Social Security Act and his claim for disability insurance benefits under Title II of the Social Security Act. Plaintiff applied for benefits effective April 27, 1998. (Tr. at 95-98, 334.) His application was denied both initially and upon reconsideration. (*Id*. at 50-61.) Plaintiff then timely requested a hearing and Mell J. Lacy, Jr., an Administrative Law Judge ("ALJ"), convened the hearing on July 22, 1999. (*Id*. at 377.) The ALJ issued an unfavorable decision on August 27, 1999. (*Id*. at 34-42.) Plaintiff requested review by the Appeals Council, and on April 3, 2001, the Council

---

[1] The following procedural history comes from the transcript of the administrative proceedings, which is designated as "Tr."

vacated the ALJ's decision and remanded the case for a new hearing. (*Id*. at 77-8.) On March 13, 2002, the ALJ held another hearing. (*Id*. at 399.) On August 26, 2002, the ALJ issued another decision denying Plaintiff's claims. (*Id*. at 16-23.) Plaintiff again requested Appeals Council review, and on January 9, 2004, his request was denied. (*Id*. at 8-11.) The ALJ's second decision became the final decision of the Commissioner. (*Id*.) Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## Issue

Plaintiff alleges that the ALJ committed reversible error by failing to subpoena Defendant's consultative examiner, Dr. Jaime P. Lim ("Dr. Lim"), for cross-examination regarding his Medical Assessment of Ability to Do Work Related Activities ("Assessment"). (Pl.'s Br. at 1.) The Commissioner states that Plaintiff's request for a subpoena was an alternate request, and the ALJ did not give any weight to Dr. Lim's Assessment in deciding this case. (Def.'s Br. at 3.). She contends that the need for cross-examination never arose. (*Id*.)

## Plaintiff's Age, Education, and Work Experience

Plaintiff's date of birth is January 29, 1949. (Tr. at 96.) He completed the tenth grade. (*Id* at 382.) His past work experience is as a "trash collector," which is exertionally "very heavy" and unskilled. (*Id*. at 418.) He performed the job for about fourteen years. (*Id*. at 137.)

## The ALJ's Decision

At the second hearing on March 13, 2002, the ALJ found that Plaintiff has hypertension which is controlled with medication, degenerative disc disease that is mild in severity, and non-symptomatic nephropathy. (Tr. at 20.) He found Plaintiff has a severe impairment of diabetes mellitus with neuropathy and retinopathy, but his other impairments are not shown to significantly

2

limit his ability to engage in substantial gainful activity. (*Id.*) He found that none of Plaintiff's severe impairments, either singly or in combination, meet or equal the criteria of any of the listed impairments described in Appendix I of the Regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (*Id.*) He concluded that although Plaintiff could not perform his past work, he could perform a wide range of light work activity, including jobs in the national economy identified by the vocational expert who testified at the hearing. (*Id.* at 22.) He thus found that Plaintiff was not disabled and denied his applications for benefits. (*Id.*)

## **Legal Standards**

To be entitled to social security benefits, Plaintiff must prove that he is disabled for purposes of the Social Security Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding

> of "not disabled" must be made.
>
> 5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove his disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. Once the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). In this case the ALJ's determination ended at the fourth step.

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g) (West Supp. 1999). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## **Analysis**

A claimant who requests a subpoena for purposes of examining a consultative physician has an absolute right to such cross examination. *See Tanner v. Secretary of HHS*, 932 F.2d 1110, 1112-13 (5th Cir. 1991); *Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990).

At the time of Plaintiff's second hearing on March 13, 2002, Plaintiff had been evaluated by Dr. Lim, but Dr. Lim's report had not yet been submitted to the ALJ. (Tr. at 403.) On March 25, 2002, the ALJ sent Plaintiff's counsel a copy of Dr. Lim's report and apparently, his Assessment. (*Id*. at 25.) This Assessment is not in the administrative record. (*Id*. at 1-5.) On April 3, 2002, Plaintiff's counsel sent a letter to the ALJ, arguing that Dr. Lim's narrative report was contradictory to his Assessment and that the ALJ should not give any weight to the Assessment. (*Id*. at 24.) Alternatively, counsel contended that if the ALJ decided to give the Assessment any weight, a supplemental hearing should be conducted at which Dr. Lim would be subpoenaed for cross examination regarding his report and Assessment. (*Id*. at 24.)

Plaintiff's request for the subpoena was made in the alternative. Counsel requested the supplemental hearing and subpoena only in the event the ALJ gave weight to Dr. Lim's Assessment. Plaintiff has not shown that the ALJ gave Dr. Lim's Assessment any consideration. The Assessment does not appear in the record. Further, the ALJ's decision does not mention Dr. Lim's Assessment, much less assign it any weight.

The ALJ could have avoided this issue by acknowledging counsel's letter and explaining his intent not to rely upon the Assessment. Nevertheless, "[p]rocedural perfection in administrative hearings is not required." *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). A Court "will not vacate a judgment unless the substantial rights of a party have been affected." *Id*.

5

"[P]rocedural improprieties . . . will . . . constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

The ALJ's omissions of the Assessment in the record and in his decision indicate his intent to honor Plaintiff's first request. This obviated the need for a subsequent hearing at which Dr. Lim would be available for cross examination. Plaintiff has not shown that the ALJ considered the Assessment in reaching his decision. Further, Plaintiff has not shown that he was prejudiced by the ALJ's failing to respond explicitly to counsel's letter. Substantial evidence supports the ALJ's decision. The final decision of the Commissioner is **AFFIRMED**.

Signed, May 24, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE